UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JERRY SIMS #212447,

    Plaintiff,                         Case No. 07-14380

v.                                     District Judge Patrick J. Duggan
                                       Magistrate Judge R. Steven Whalen

DR. PIPER,

    Defendants.
_____/

**ORDER DENYING
MOTION TO COMPEL DISCOVERY**

Before the Court is Defendant's Motion to Compel Complete and Thorough Answers to Interrogatories [Docket #26]. This Motion is directed at four specific interrogatories that were served on the Plaintiff. The Plaintiff provided responses to these interrogatories, but the responses were not to Defendant's liking. Having reviewed the motion, the Plaintiff's response in opposition, and the Plaintiff's responses to the four interrogatories, the Court will DENY the Defendant's motion, for the reasons set forth below.

<u>Interrogatory no. 1</u>

Defendant requests the names, addresses and telephone numbers "for each lay witness who [Plaintiff] believe[s] has knowledge of facts concerning the incident in question," as well as the facts the witness will testify to, and any written statement made

by the witness.

The Plaintiff is a prison inmate in the custody of the Michigan Department of Corrections (MDOC). He points out, correctly, that as an inmate he does not have access to full names, addresses and telephone numbers of MDOC staff. He indicates that he may call Nurse Baskins and/or Nurse Butts as witnesses, but that any testimony would be limited to facts and information set forth in their Nurse's Notes. This Court previously granted Defendant's motion to compel medical release authorizations, and Plaintiff states that he has provided the same. Thus, if Nurse Baskin or Nurse Butts prepared medical notes, the Defendant has them, and is thus aware of what their proposed testimony would be. The witnesses' medical notes may be used to answer the interrogatory pursuant to Fed.R.Civ.P. 33(d). Accordingly, the motion to compel as to Interrogatory no. 1 is DENIED.[1]

Interrogatory no. 2

Defendant seeks the names, addresses and other information regarding each medical provider that treated or examined the Plaintiff within the past ten years. In response, the Plaintiff provided the name and address of the Macomb Correctional Facility. Again, the Plaintiff is a prison inmate who does not have easy access to

---

[1]However, Plaintiff does have a continuing duty to supplement his answers to interrogatories as he obtains new information. In addition, if Plaintiff intends to call lay witnesses other than Nurse Baskin, Nurse Butts or the Defendant, he shall provide the names of these witnesses, along with any other information he has about the location of these witnesses, to Defendant's counsel within 14 days of the date of this Order.

information that would be available to a litigant in free society. Further, as noted above, the Defendant has the Plaintiff's medical records. The motion to compel as to Interrogatory no. 2 is DENIED.

Interrogatory no. 3

Defendant asks for facts regarding how he, Dr. Piper, was deliberately indifferent to the Plaintiff's medical need. The Plaintiff answers this interrogatory by referring to his complaint.

Owing to the standard of notice pleading, mere reference to the language of a complaint would ordinarily be insufficient to answer an interrogatory. A complaint is not a business record that would fall within the scope of Rule 33(d). However, a review of Plaintiff's complaint shows that it does contain a lengthy detailed and chronological narrative of his claims against Dr. Piper. Plaintiff also indicates that his medical records from the MDOC will support his allegations. Finally, the Court has entered an order permitting the deposition of the Plaintiff at his correctional facility. Defendant will have the opportunity to delve deeper into the Plaintiff's allegations at the deposition.

Given the Plaintiff's status as a *pro se* prison inmate, whose pleadings and other filings are accorded a liberal construction, and under the circumstances described above, the Plaintiff's answers are adequate, and the Defendant's motion to compel further answers to Interrogatory no. 3 is DENIED.

Interrogatory no. 4

This interrogatory seeks information on the damages claimed, "including all

claimed categories including but not limited to compensatory damages and equitable relief." As in the previous interrogatory, the Plaintiff's response references his complaint. In the amended complaint, Plaintiff requests (1) compensatory damages "for pain and suffering;" (2) punitive damages in an amount the court deems appropriate; and (3) an injunctive order requiring the Defendant to provide Plaintiff adequate medical treatment for a bone spur. He does not claim lost wages, out-of-pocket medical expenses, or other readily ascertainable "blackboard" damages. The Defendant has adequate information, including categories of claimed damages, to effectively explore this matter further at the deposition. The motion to compel ast to Interrogatory no. 4 is DENIED.

For all of the foregoing reasons, Defendant's motion to compel [Docket #26] is DENIED.

SO ORDERED.

S/R. Steven Whalen
R. STEVEN WHALEN
UNITED STATES MAGISTRATE JUDGE

Dated: May 29, 2008

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served on the attorneys and/or parties of record by electronic means or U.S. Mail on May 29, 2008.

S/G. Wilson
Judicial Assistant