UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JERRY SIMS,

                Plaintiff,

                                      CASE NO. 07-14380
v.                                  HONORABLE PATRICK J. DUGGAN

DR. PAUL PIPER,

                Defendant.
_____/

**OPINION AND ORDER GRANTING DEFENDANT'S MOTION FOR
SUMMARY JUDGMENT**

At a session of said Court, held in the
U.S. District Courthouse, Eastern District
of Michigan on February 13, 2009.

PRESENT:   HONORABLE PATRICK J. DUGGAN
                    U.S. DISTRICT COURT JUDGE

On October 16, 2007, Plaintiff, a *pro se* prisoner, commenced this civil rights

action against Defendant pursuant to 42 U.S.C. § 1983.  Plaintiff alleges that Defendant, a

medical doctor providing services for Michigan Department of Corrections inmates, was

deliberately indifferent to his medical needs, in violation of the Eighth Amendment.  On

June 25, 2008, Defendant filed a motion for summary judgment pursuant to Rule 56(c) of

the Federal Rules of Civil Procedure.  This Court has referred Plaintiff's action to

Magistrate Judge R. Steven Whalen for all pretrial proceedings.

On December 12, 2008, Magistrate Judge Whalen issued a Report and Recommendation ("R&R") in which he recommends that this Court deny Defendant's motion for summary judgment. Magistrate Judge Whalen concludes that there are genuine issues of material fact as to whether Defendant was deliberately indifferent to Plaintiff's medical needs. At the conclusion of his R&R, Magistrate Judge Whalen informs the parties that they must file any objections to the R&R within ten days. (R&R at 13-14.) Defendant filed objections on December 31, 2008.

In his objections, Defendant raises the following challenges to the R&R:

> I.   The R&R fails to identify any admissible evidence in support of any of Plaintiff's claims.
>
> II.  The R&R fails to explain how Plaintiff met his burden concerning the objective elements of his deliberate indifference claim against Defendant.
>
> III. The R&R wrongly concludes that "there is a material question of fact as to whether Defendant's failure to review Plaintiff's medical history, consider more aggressive treatment, or request a consultive examination on Plaintiff's behalf until April, 2007 amounts to deliberate indifference."
>
> IV.  The R&R wrongly concludes that there was a lack of treatment provided to Plaintiff and that there is a material question of fact as to whether Dr. Piper is to blame for the assumed delay in treatment.

The parts of the R&R to which objections are made will be reviewed by the Court *de novo*. *See* FED. R. CIV. P. 72(b); *Thomas v. Halter*, 131 F. Supp. 2d 942, 944 (E.D. Mich. 2001). The Court, however, "is not required to articulate all of the reasons it

rejects a party's objections." *Halter*, 131 F. Supp. 2d at 944 (citations omitted).  Because the Court finds that Defendants' third and fourth objections warrant a different outcome than that recommended by Magistrate Judge Whalen, the Court will address those objections only.

The Eighth Amendment prohibits cruel and unusual punishment.  U.S. CONST. amend. VIII.  In the context of prisoners' medical needs, courts find a violation of the Eighth Amendment only where prison officials are "so deliberately indifferent to the serious medical needs of prisoners as to unnecessarily and wantonly inflict pain." *Horn v. Madison County Fiscal Court*, 22 F.3d 653, 660 (6th Cir. 1994).

An Eighth Amendment deliberate indifference claim consists of objective and subjective components.  The objective component requires that the deprivation be "sufficiently serious." *Farmer v. Brennan*, 511 U.S. 825, 834, 114 S. Ct. 1970, 1977 (1994).  The subjective component requires the plaintiff to show that the defendant had "a sufficiently culpable state of mind in denying [the plaintiff] medical care." *Blackmore v. Kalamazoo County*, 390 F.3d 890, 895 (6th Cir. 2004) (citing *Farmer*, 511 U.S. at 834, 114 S. Ct. at 1977).  "[A] plaintiff must establish that 'the official knows of and disregards an excessive risk to inmate health or safety,' which is to say 'the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.'" *Clark-Murphy v Foreback*, 439 F.3d 280, 286 (6th Cir. 2006) (quoting *Farmer*, 511 U.S. at 837, 114 S. Ct. at 1979).

3

As Magistrate Judge Whalen provided in his R&R: "Where a prisoner has received some medical attention and the dispute is over the adequacy of the treatment, federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims which sound in state tort law." *Westlake v. Lucas*, 537 F.2d 857, 860 n. 5 (6th Cir. 1976). This is because "'negligence in diagnosing a medical condition' does not constitute unconstitutional deliberate indifference." *Bertl v. City of Westland*, No. 07-2547, 2009 WL 247907, at *5 (6th Cir. 2009) (unpublished opinion) (quoting *Sanderfer v. Nichols*, 62 F.3d 151, 154 (6th Cir. 1995)). "Similarly, a prison doctor who provides careless or ineffective treatment merely displays incompetence, not unconstitutional deliberate indifference." *Id.* (citing *Comstock v. McCrary*, 273 F.3d 693, 703 (6th Cir. 2001)).

Defendant's care of Plaintiff falls within those cases where the prisoner has received some medical attention and the dispute is over the adequacy or efficacy of the chosen treatment. In other words, this is a case where the prisoner disagrees with the medical provider's course of treatment. As indicated above, even if Defendant's treatment of Plaintiff was negligent, careless, or ineffective, this does not establish unconstitutional indifference to his medical needs.

Magistrate Judge Whalen concluded that there is a genuine issue as to whether Defendant was deliberately indifferent to Plaintiff's medical needs in part because he found a two year delay before more aggressive treatment was provided in response to Plaintiff's complaints of pain. Plaintiff in fact did complain of pain in his heel beginning

4

in September 2005.  There is no indication, however, that Defendant was assigned to treat Plaintiff at this time or that he was aware of Plaintiff's request for medical treatment. Instead, Plaintiff was examined and treated by two medical nurses who provided Plaintiff with heel cups and cushioned insoles.

Defendant first examined Plaintiff for his complaint of heel pain on June 16, 2006, shortly after Plaintiff submitted a medical kite.  At that time, Defendant noted no significant findings but ordered x-rays of Plaintiff's feet to rule out calcaneal spurs. (Def.'s Mot., Ex. B and Ex. C ¶ 6.) It is notable that Defendant wrote in Plaintiff's medical records during this examination that he specifically informed Plaintiff that even if spurs were present on the x-rays, treatment with heel cups would remain the same.  (*Id*.) As Magistrate Judge Whalen relates in his R&R and Defendant provides in his motion for reconsideration, medical literature indicates that conservative treatment, such as shoe inserts (e.g. heel cups), is almost always successful in treating plantar fasciitis within a year of beginning treatment.[1]  (R&R at 8; Def.'s Br. in Support of Mot. for Reconsideration at 3 n.5.)

Plaintiff next submitted a medical kite, complaining of continued heel pain, on November 15, 2006.  Defendant examined him in response to this kite on December 6,

---

[1]Defendant quotes from the National Institute of Health's website which provides that conservative "[t]reatment can last from several months to 2 years before symptoms get better." (Def.'s Br. in Support of Mot. for Reconsideration at 3 n.5, quoting http://www.nlm.nih.gov/medlineplus/print/ency/article/007021.htm (attached as Ex. B to motion).)

2006.  Magistrate Judge Whalen finds it significant that Defendant did not have Plaintiff's medical chart available to him at this examination, inquiring: "What kind of doctor doesn't bring the patient's chart or file to a medical examination?"  (R&R at 7.)  As Defendant provides, however, at the correctional facility where Plaintiff is incarcerated, the nurses are responsible for procuring the inmate-patient's medical chart and ensuring that it is available at the time of treatment.  (Def.'s Br. in Support of Mot. for Reconsideration at 2 n.4, citing Ex. A ¶ 17.)  Defendant explains that he did not have Plaintiff's medical chart at the December 6 examination because the nurse did not procure it and Defendant was unable to otherwise locate it.  (*Id*.)

There is a factual dispute as to what Defendant told Plaintiff regarding the x-ray results during this examination.  Plaintiff contends that Defendant "lied" to him and told him that the x-rays did not reveal heel spurs.  Defendant maintains that he was incapable of misrepresenting the results of the x-rays, as he did not have Plaintiff's medical file. The Court finds this factual issue insignificant because, even if Defendant in fact told Plaintiff that the x-rays did not show heel spurs, it does not establish deliberate indifference.

Magistrate Judge Whalen disagrees and believes that this fact is significant, reasoning that Defendant's failure to review the results of Plaintiff's x-rays and Plaintiff's medical history before charting a course of treatment is suggestive of deliberate indifference.  (*See* R&R at 8-10.)  However, Defendant recorded Plaintiff's medical history during this examination (Def.'s Mot. Ex. B ¶ 10) and the evidence shows that

6

Defendant's recommended course of treatment would have been no different even if he had reviewed the x-ray results. *See supra*. Again, Defendant demonstrates that conservative treatment for Plaintiff's condition for one year, *and sometimes longer*, is within the realm of accepted medical practice.

Defendant did pursue more aggressive treatment for Plaintiff's medical condition in April 2007, submitting a request for an examination by a podiatrist. Apparently Magistrate Judge Whalen believes that Defendant's actions were in response to Plaintiff's request for a copy of his x-rays and investigation into his case "rather than [Plaintiff's] . . . good faith requests for medical intervention." (R&R at 11.) This Court believes, however, that the motive behind Defendant's decision to change the course of treatment is irrelevant to whether Defendant was deliberately indifferent to Plaintiff's medical needs.

Based on the evidence presented, this Court cannot conclude that Defendant's failure to recommend less conservative (or more aggressive) treatment for Plaintiff's condition constituted deliberate indifference. Notably, Plaintiff submitted medical kites complaining of heel pain sporadically. He began complaining of heel pain in late September 2005, and he was examined by a nurse in early October 2005. The next medical kite that Plaintiff submitted regarding his heel pain was in February 2006, and a second nurse examined him shortly thereafter. Plaintiff did not seek medical care again for his heel pain until May 2006, which resulted in his first appointment with Defendant. Plaintiff waited six months to submit another medical kite for his heel pain, which resulted in his appointment with Defendant in December 2006. Defendant's failure to

7

inquire about the results of Plaintiff's x-rays during this interim period (i.e. between the June and December 2006 examinations) and to initiate a follow-up visit with Defendant does not suggest deliberate indifference in light of the fact that Plaintiff did not submit medical kites complaining of continued pain during this period and Defendant indicated that the results of the x-rays would not have changed how he treated Plaintiff. Finally, the Court finds it particularly instructive that Plaintiff did not submit any medical kites complaining of any medical problems between April 25, 2007 and January 16, 2008, despite the fact that only Defendant's elected conservative course of treatment was being followed.

For these reasons, the Court cannot concur in Magistrate Judge Whalen's conclusion that there is a genuine issue of material fact as to whether Defendant was deliberately indifferent to Plaintiff's medical needs. This Court finds that the undisputed evidence establishes that Defendant in fact responded to Plaintiff's medical needs and provided care that he believed was appropriate based on his medical judgment. This care arguably may have been careless, negligent, or incompetent, but it does not constitute unconstitutional deliberate indifference as a matter of law. The Court therefore concludes that Defendant is entitled to summary judgment with respect to Plaintiff's Eighth Amendment claim.

Accordingly,

**IT IS ORDERED**, that Defendant's motion for summary judgment is **GRANTED**.

8

<u>s/PATRICK J. DUGGAN</u>
UNITED STATES DISTRICT JUDGE

Copies to:
Jerry Sims, #212447
Ryan Correctional Facility
17600 Ryan Road
Detroit, MI  48212

Ronald W. Chapman, Esq.

Magistrate Judge R. Steven Whalen

9